(No. 60278.

*In re* SUPPORT OF MAX STEVEN MATT *et al.* (Karen Matt, Appellant, v. Alvin E. Matt *et al.*, Appellees.

*Opinion filed January 23, 1985.*

Martin L. Silverman, Adolph L. Haas and Gary E. Dienstag, of Springer, Calsey, Haas, Dienstag & Silverman, of Chicago, for appellant.

Sherman & Lewis and Leonard E. Blum, of Chicago, for appellees.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Vincenzo Chimera, Assistant Attorney General, of Chicago, and Donald Havis, Assistant State's Attorney, of counsel), for *amicus curiae* the People.

JUSTICE SIMON delivered the opinion of the court:

Karen Matt, the petitioner, brought a garnishment action in the circuit court of Cook County against Cosmopolitan National Bank of Chicago, seeking to enforce a judgment of $7,000 for child-support arrearages against her former husband, respondent Alvin E. Matt. His whereabouts are unknown, and the petitioner has

applied for public aid. The respondent is the lifetime beneficiary of a testamentary trust established by his mother, Yetta Matt, from which he is entitled to receive $3,600 per year. The garnishee bank filed a "no funds" answer to the petitioner's action predicated upon the following spendthrift provision in the trust instrument:

"Neither principal nor income of the Trust herein established shall be pledged, transferred, sold, anticipated or encumbered by any beneficiary herein named, nor be in any manner liable, while in the possession of the Trustee, for any contract, debt or obligation, nor for any claim voluntarily or involuntarily created either legal or equitable against any beneficiary, including claims for alimony or support of any spouse of such beneficiary."

The circuit court concluded that because the spendthrift provision expressly protects the trust against claims for spousal support but makes no reference to child support, the testator did not intend to protect the trust from the respondent's child-support obligations. That court therefore ordered that the trust income be subject to a claim for child-support arrearages. The appellate court reversed, holding that section 2—1403 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1403) prohibits the garnishment of the trust income. (123 Ill. App. 3d 47.) The court raised the applicability of section 2—1403 *sua sponte*; it was neither briefed nor argued by any party.

The issue presented for review by this court is whether the income from the testamentary trust is subject to a claim for the respondent's child-support arrearages. Our determination of the issue involves a construction of section 2—1403 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1403) and section 4.1 of the Non-Support of Spouse and Children Act (Non-Support Act) (Ill. Rev. Stat. 1983, ch. 40, par. 1107.1), the relationship between these sections, the public

policy established by the General Assembly when it enacted the latter section, and our decision in a recent case involving a closely analogous issue. Because we dispose of the case on these grounds, we need not determine, as the circuit court did, whether the spendthrift clause itself excludes claims for child-support arrearages.

The appellate court held, and the respondent argues here, that section 2—1403 of the Code of Civil Procedure prohibits the garnishment of the trust income in the present case. The statute provides:

"No court shall order the satisfaction of a judgment out of any property held in trust for the judgment debtor if such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1403.)

The respondent contends that because this trust was created in good faith by Yetta Matt, a person other than the judgment debtor, the circuit court's order that the trust income be subject to a claim for the respondent's child-support arrearages was improper.

However, section 4.1 of the Non-Support Act (Ill. Rev. Stat. 1983, ch. 40, par. 1107.1) now provides for the withholding of "income," "regardless of source," for the purpose of securing collection of unpaid support obligations. The statute defines "income" as "any form of periodic payment to an individual, regardless of source, including, but not limited to: wages, salary, commission, compensation as an independent contractor, workers' compensation, disability, annuity and retirement benefits, and any other payments, made by any person, private entity, federal or state government, any unit of local government, school district or any entity created by Public Act ***." (Ill. Rev. Stat. 1983, ch. 40, par. 1107.1(A)(4).) The income from the trust established by Yetta Matt and administered by the Cosmopolitan Na-

tional Bank clearly falls within the category of a "periodic payment to an individual" "made by [a] person [or] private entity."

Significantly, the same section of the statute provides:

"Any other State or local laws which limit or exempt income or the amount or percentage of income that can be withheld shall not apply." (Ill. Rev. Stat. 1983, ch. 40, par. 1107.1(A)(4)(e).)

We read this provision to indicate the General Assembly's intention that section 4.1 prevail over all laws to the contrary, including section 2—1403 of the Code of Civil Procedure. Section 2—1403 must therefore be construed as allowing the garnishment of trust income in situations in which garnishment is authorized by another statute, as it is by section 4.1.

In enacting section 4.1, together with corresponding provisions in the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 706.1), the Revised Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1983, ch. 40, par. 1201 *et seq.*), and the Illinois Public Aid Code (Ill. Rev. Stat. 1983, ch. 23, par. 1—1 *et seq.*), the General Assembly established that it is the public policy of Illinois to ensure that support judgments are enforced by all available means. However, the accommodation that the General Assembly devised between that policy and the long-standing policy of protecting spendthrift trusts from invasion does not entail a serious infringement of the latter policy. Only the income and not the principal of such a trust is subject to garnishment, and then only when the obligor is delinquent in support payments. (Ill. Rev. Stat. 1983, ch. 40, par. 1107.1(B)(1).) Moreover, the obligor has a number of procedures available to avoid garnishment. Thus, it is only in circumstances in which the obligor cannot be located, as here, or takes no steps to avoid garnishment that the income from a spendthrift trust would become subject to withholding.

The only remaining question is whether the policy established by section 4.1, which became effective on January 1, 1984, should govern the collection of child-support arrearages which had accumulated in the past. This court determined in a recent case that although the parallel provision for withholding delinquent support in section 706.1 of the Illinois Marriage and Dissolution of Marriage Act took effect on January 1, 1984, "courts may apply it to collect an arrearage that accumulated before the effective date" (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 284) because the statute itself addresses the problem of arrearages (Ill. Rev. Stat. 1983, ch. 40, pars. 706—1(A)(1)(a), (A)(2)). Consistency requires that we read the identical sections of the Non-Support Act similarly (Ill. Rev. Stat. 1983, ch. 40, pars. 1107.1(A)(1)(a), (A)(2)) and apply these sections to funds held by the trustee to satisfy the arrearages that accumulated in this case.

*Logston* held that income that was previously exempt from judgment under section 12—1001 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 12—1001), including social security, private pension, and disability insurance benefits, was subject to a contempt order for wilful failure to pay past-due alimony. Similarly, we hold in the present case that income from a spendthrift trust, which is generally exempt from invasion under section 2—1403 of the Code of Civil Procedure, is subject to garnishment to collect past-due child support under section 4.1 of the Non-Support Act. In so holding, we give effect to the clearly expressed intent of the legislature that support judgments be enforced in Illinois by all available means.

We therefore reverse the judgment of the appellate court and remand to the circuit court for further proceedings.

*Reversed and remanded.*