Clifford E. RALSTON, Appellant,

v.

STATE of Alaska, CHILD SUPPORT ENFORCEMENT DIVISION, ex rel. Carla WALL, Appellee.

No. S–1235.

Supreme Court of Alaska.

Nov. 21, 1986.

Charles E. Cole and Christian Bataille, Law Offices of Charles E. Cole, Fairbanks, for appellant.

Ardith Lynch, Asst. Atty. Gen., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

Clifford E. Ralston appeals from a superior court order denying his motion to vacate a writ enforcing an Income Assignment Order (IAO) of his wages which had been obtained by the State of Alaska, Child Support Enforcement Division (CSED). The question presented is whether the IAO may be used to enforce a judgment against Ralston for back child support, accrued prior to a court order that Ralston pay monthly child support. We affirm the judgment of the superior court for the reasons set forth below.

*Facts.*

Vale Rocky Wall was born on October 21, 1981. In January 1983, CSED brought an action on behalf of Vale's mother against Ralston for establishment of paternity, reimbursement of AFDC payments made on behalf of Vale, and an order of ongoing child support.

On September 24, 1984, the superior court entered an order finding that Ralston was Vale's father and that he owed Vale a general duty of support. On March 29, 1985, the superior court entered a Judgment and Order of Support ordering a $17,800 judgment against Ralston for child support from Vale's birth through February 1985,[1] and ordering Ralston to pay ongoing child support of $445 per month. The Judgment and Order of Support contained an IAO providing that "[i]f child support payments become delinquent, the obligor's

---

1. The order also provided for post-judgment interest to accrue at the statutory rate.

income and any money due to him are assigned pursuant to AS 09.65.132." [2]

Ralston failed to make monthly support payments. CSED thereafter requested a writ to enforce the IAO.[3] CSED's accompanying affidavit stated that "arrearages" under the order of child support had accrued in the amount of $19,580. This figure represented the four monthly payments that Ralston had failed to make plus the $17,800 judgment against him for back child support, which accrued prior to the court order for support. A writ was issued enforcing the IAO for $20,025 in "arrearages" and $445 per month in future amounts due, and pursuant thereto Ralston's employer began to pay CSED fifty percent of Ralston's weekly net earnings. This resulted in a withdrawal of approximately $360–$540 from Ralston's weekly paycheck.

Ralston moved to vacate the writ enforcing the IAO, arguing that the IAO could not be used to enforce the $17,800 judgment for back child support. The superior court denied Ralston's motion and this appeal followed.

I. *Can The Income Assignment Order Be Used To Collect The Judgment For Back Child Support Accruing Before The Order Of Support Was Issued?*

The essence of Ralston's argument is that "a judgment which orders a person to reimburse an obligee for support during a period when the obligor was not required to make support payments cannot be equated with a judgment representing delinquent periodic support payments ordered pursuant to an order of support." Ralston

argues that "support payments" which must be "in arrears" in order for an IAO to take effect under AS 47.23.062(c) can only be interpreted as payments which must be established by an order of support, presumably, under AS 47.23.062(a).

Ralston takes the position that only the $445 per month child support payments ordered by the superior court can be characterized as an order to provide support, so only arrearages as to those payments may be enforced under AS 47.23.062. He argues that the $17,800 judgment cannot be viewed as an "arrearage" or "delinquent support payment" since that amount accrued prior to the court's support order, and that to collect on the $17,800 judgment CSED should use the execution provisions of AS 09.35.010–.330 (which entitle him to execution exemptions not available under AS 47.23.062).

In support of his contentions Ralston points both to the wording of the Judgment and Order of Support, which states that CSED shall maintain a record of "support payments," and to the IAO, which states that income shall be assigned if "child support payments become delinquent." Relying on AS 47.23.225, which states that "[a] court order ordering a noncustodial parent obligor to make periodic child support payments ... is a judgment that becomes vested when each payment becomes due and unpaid," Ralston concludes that the "judgments" collectible under of AS 47.23.062 must be for unpaid, periodic, court-ordered child support payments. Ralston also contends that enforcement of the IAO would treat him unfairly—as if he had been previously ordered to make monthly support

**2.** AS 09.65.132(a) provided:
A judgment, court order, or order of the child support enforcement agency ... providing for the support of a minor child shall contain an income assignment order.
Effective October 1, 1985, AS 09.65.132 was amended and renumbered AS 47.23.062. AS 47.23.062(a) contains language almost identical to former AS 09.65.132(a), but includes a notice provision.
AS 47.23.062(a) states in part:
A judgment, court order, or order of the child support enforcement agency ... providing for

support must contain an income withholding order.

**3.** AS 09.65.132(c) provided that CSED could request an IAO to take effect if the obligor failed to make a support payment in full within 45 days of the date the payment was due.
Amended AS 47.23.062(c) provides in part:
If support payments are in arrears in an amount at least equal to support payable for one month, the agency, ..., shall request an income withholding order against the obligor to take effect....

payments, had been apprised that an IAO could be entered against him if he failed to make them, and ultimately did fail to make them.

Although Ralston's arguments are not without force, we conclude that Title 47 permits use of the IAO to enforce the judgment for back child support.

As a general rule, "provisions for custody and support of children are liberally applied for the welfare of the children." 3 C. Sands, *Sutherland Statutory Construction* § 68.06, at 254 (4th ed. 1974). Courts have broadly interpreted statutes providing for income withholding to enforce child support in a variety of contexts, in order to best effectuate the legislative purpose to ensure that parents meet their obligations. *See, e.g., Martin v. Tate,* 492 A.2d 270 (D.C.App.1985); *In re Matt,* 105 Ill.2d 330, 85 Ill.Dec. 505, 473 N.E.2d 1310 (1985).

In amending Title 47 the legislature stated in part:

> The legislature finds that the effect on the general public of the failure of parents to support their children is vast and far reaching.... The purpose of the amendments in this Act is to enhance the efforts of those persons who seek to enforce the payment of child support obligations by noncustodial parents having the duty of support.

Ch. 144, § 1, SLA 1984.

Alaska Statute 47.23.900(3) provides in part that " 'duty of support' includes a duty of child support imposed or imposable by law, by a court order, decree or judgment, ... and includes the duty to pay arrearages of support past due and unpaid...." The judgment against Ralston to pay back child support of $445 per month from October 1981 to February 1985

arose from a duty "imposable by law;" that is, the father's primary and continuing duty to support his children. *Cf. Houger v. Houger,* 449 P.2d 766, 770 (Alaska 1969); *Johansen v. State,* 491 P.2d 759, 769 (Alaska 1971).

Although the statute does not speak specifically to whether "arrearages" include amounts owed due to a judgment of back child support,[4] we conclude that the purposes behind the statute justify use of an IAO to collect accrued back child support. There is no language in Title 47 which explicitly prohibits such use. Use of the IAO in situations such as this will ensure that noncustodial parents meet their entire support obligations.

AFFIRMED.

---

**4.** We note that AS 47.23.062(i) provides:

> An employer shall, to the extent permitted under 15 U.S.C. 1673(b), withhold the current support obligation from an obligor's wages. An employer shall withhold additional income, to the extent permitted under 15 U.S.C. 1673(b), from an obligor's wages for any support arrearage.

This section could be read to provide textual support for our conclusion since it distinguishes and provides for income withholding for both a "current support obligation" and for "any support arrearage." However, the statute does not address whether "support arrearage" means arrearage with respect to monthly support payments pursuant to a court order of monthly payments, or whether it should also include past due amounts accrued prior to the support order.