*In re* MARRIAGE OF JEAN E. STEVENS, n/k/a Jean E. Schrilla, Plaintiff and Appellee-Garnishor, and Mervyn W. Stevens II, Defendant (Stevens Family Trust, Garnishee-Appellant; First Midwest Bank, Garnishee).

Fourth District    No. 4—97—0228

Argued September 16, 1997.—Opinion filed November 6, 1997.—Rehearing denied December 9, 1997.

Matthew C. Potts (argued), of Whitney & Potts, Ltd., of Elmwood, for appellant.

Steven R. Watts (argued), of Galesburg, and Bernard G. Stutler, of Knoxville, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Jean E. Stevens, now known as Schrilla, the plaintiff, brought a garnishment action in the circuit court of Knox County against garnishees, Stevens Family Trust (Trust) and First Midwest Bank (Bank), seeking to enforce a judgment of $36,777.59 for child support arrearages against her former husband, defendant Mervyn W. Stevens II. Defendant is the lifetime beneficiary of a trust established by his father, Mervyn Stevens (Stevens). Stevens established the trust as a revocable *inter vivos* trust that paid him income until his

death, when defendant became the lifetime beneficiary and, at defendant's death, is to pay three quarters of the trust estate into a trust for the benefit of Stevens' grandson, Samuel James Stevens, and pay one quarter into a trust for the benefit of his granddaughter, Amy Lyn Stevens. Both the residuary beneficiaries are children of defendant. Defendant's third child, Heidi Lyn Stevens, was specifically excluded by the provisions of the trust agreement from receiving benefits under the Trust.

Defendant, during his lifetime, is to receive so much of the net income of the Trust as may be, in the trustee's exclusive discretion, necessary for his support and also so much of the principal as the trustee, in her exclusive discretion, deems necessary. Defendant became entitled to receive income or principal payments, at the discretion of the trustee, beginning August 7, 1994. As of the date of this appeal, defendant had received no payments from the Trust.

The bulk of the property in the Trust is farmland. The trust agreement signed by Stevens provided his purpose in creating the Trust was to satisfy his own well-being during his lifetime and to pass the farm real estate free of encumbrances to his grandson, Samuel, at defendant's death. The trust agreement also contained the following spendthrift provision:

> "No part of the principal of the Trusts created hereby, or of the income therefrom, shall be subject to execution, attachment, garnishment or other legal process or claim of any creditor of any Beneficiary of such Trusts; and, all payments to any Beneficiary shall at all times be free of any interferences, influence, or control of Third Parties; no title to, nor interest in, either the principal or the income from any part of the Trust Property may be voluntarily or involuntarily alienated, assigned, transferred or encumbered by the Beneficiary while still in the hands of the Trustee."

On September 27, 1996, plaintiff filed a motion for summary judgment. The Trust filed a motion for summary judgment on October 11, 1996. A hearing was held on all pending motions on November 12, 1996.

On February 27, 1997, the trial court issued its order granting plaintiff's motion and entered a garnishment order against the Trust and the Bank requiring payment of the net income and principal of the Trust to satisfy the judgments for child support arrearages against defendant. Despite the fact Heidi, for whom the child support arrearages were sought, was specifically excluded as a Trust beneficiary, the trial court concluded the income from the Trust may be withheld and is subject to garnishment by plaintiff to enforce the judgment obtained against defendant.

The trial court found defendant was the sole income beneficiary of the Trust during his lifetime and is the only beneficiary, during his lifetime, to whom discretionary payments of principal may be made. Both are factors required to allow garnishment of spendthrift trusts under section 2—1403 of the Civil Practice Law in order to secure collection of unpaid child support obligations owed by a trust beneficiary. 735 ILCS 5/2—1403 (West 1996). Without those factors, the Trust, as a spendthrift trust, could not be the subject of a garnishment proceeding. 735 ILCS 5/2—1403 (West 1996).

The trial court then ordered the garnishees, the Bank and the Trust, to pay to plaintiff the net income of the Trust to satisfy the garnishment and, to the extent the child support arrearage plus interest is not satisfied out of the net income, the remainder shall be satisfied from the Trust principal.

The Trust has appealed. The issues presented for review are whether, as a matter of law, (1) the net income and principal held by the Trust can be garnished for the satisfaction of a judgment for child support arrearages owed by defendant, (2) the Trust's bank account at the Bank can be directly garnished for the satisfaction of that judgment against defendant, (3) it was error for plaintiff to fail to give notice of the garnishment proceedings to the residuary beneficiaries, and (4) the trial court erred by adding the interest on principal to the date of the entry of its order to the amount to be garnished; and (5) whether it was error to enter the garnishment judgment in the name of plaintiff rather than in the name of defendant for the use of plaintiff.

The Trust contends defendant is not the sole beneficiary of the Trust; he does not receive periodic payments of either income or principal; the indebtedness alleged to be due defendant by the Trust is not liquidated and due without contingency; the garnishment would exceed defendant's ability to access the funds in the Trust; and it would be inequitable to allow the garnishment because, to the extent the Trust was forced to use its assets to satisfy the judgment against defendant, the residuary beneficiaries would be paying for their father's child support arrearages.

■ A motion for summary judgment may be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1996); *Purtill v. Hess*, 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986). On appeal the reviewing court will consider *de novo* the facts and law relating to the case and determine whether the trial court erred in finding no genuine is-

sue of material fact existed and whether the judgment was correct as a matter of law. *Kellner v. Bartman*, 250 Ill. App. 3d 1030, 1033, 620 N.E.2d 607, 609 (1993).

■ Section 2—1403 of the Civil Practice Law provides no court may order the satisfaction of a judgment out of any property held in trust for a judgment debtor who is the beneficiary of a trust established in good faith by a person other than the judgment debtor *except* for the purpose of securing collection of unpaid child support obligations owed by the trust beneficiary. 735 ILCS 5/2—1403 (West 1996). In order to withhold income under the exception provided for collection of unpaid child support obligations, the beneficiary must be entitled to a specified dollar amount or percentage of the income of the trust *or* be the sole income beneficiary. 735 ILCS 5/2—1403(1) (West 1996). In order to withhold principal, the beneficiary must have the right to withdraw principal *or* be the sole beneficiary to whom discretionary payments of principal may be made by the trustee. 735 ILCS 5/2—1403(2) (West 1996). Further, the withholding of principal is limited to the amount subject to withdrawal by the beneficiary under the terms of the trust instrument. 735 ILCS 5/2—1403(2) (West 1996).

We note, first, there is no dispute defendant is a beneficiary of the Trust and the underlying judgment was for child support arrearages. There is further no dispute, as plaintiff has conceded, defendant is not entitled to regular payment of income and is not entitled to withdraw specific amounts of principal from the Trust. However, there is a dispute as to whether defendant is the sole income beneficiary and whether periodic payments of income are necessary to support a garnishment of trust income under section 2—1403.

The Trust argues defendant is not the sole income beneficiary because there are residual beneficiaries in existence. However, the fact that residuary beneficiaries exist does not change the fact defendant is the only one entitled to payment of trust income during his lifetime, thus making him the sole income beneficiary at the time when garnishment of trust income is sought. Further, the Trust provides, at the discretion of the trustee, payments may be made to defendant as needed, for his health, education, welfare, support and proper maintenance. The same standard applies regarding the trustee's discretion in paying portions of principal to defendant. Conceivably, if the need arose, the trustee could pay the entire contents of the Trust to defendant during his lifetime. The residuary beneficiaries have the right to receive trust income and principal existing after defendant's death but this right does not mean they actually will enjoy any benefits from the Trust. For this reason, the Trust's

argument that it would be inequitable for the Trust assets to be garnished to collect defendant's child support arrearages fails. The residuary beneficiaries' expectancy of receiving benefits from the Trust is not guaranteed and the assets that would be garnished are not theirs to lose.

The same arguments apply to the contention defendant is not the sole principal beneficiary. During his lifetime, defendant is the sole beneficiary of both income and principal. Since during his lifetime is the only time defendant *can* be a beneficiary, he is the sole beneficiary so long as he lives.

The Trust contends because defendant does not receive periodic payments of either income or principal and any payments are subject to the discretion of the trustee, the indebtedness alleged to be due him by the Trust is not liquidated and due without contingency. Further, defendant contends garnishment of either income or principal would exceed defendant's own ability to access the funds in the Trust.

A review of section 2—1403 reveals only two criteria need be met in order to garnish the income of a spendthrift trust. First, the underlying judgment must be for child support arrearages. Second, the judgment debtor must be either the recipient of income *or* the sole income beneficiary of the trust. The Trust has conceded plaintiff's judgment was for child support arrearages. As has been seen, defendant was the sole income beneficiary of the trust. Section 2—1403(1) does not require a beneficiary actually be paid benefits in order to allow the garnishment of the income, only that he be the sole income beneficiary. Therefore, under the language of section 2—1403(1), plaintiff is entitled to garnish the income from the Trust during defendant's lifetime to satisfy her judgment for child support arrearages.

Subsection (2) of section 2—1403 provides for garnishment of trust principal to satisfy a judgment for child support arrearages under two circumstances. The judgment debtor must be entitled to withdraw principal in specified amounts *or* be the only beneficiary to whom the trustee may make discretionary payments. 735 ILCS 5/2—1403(2) (West 1996). Clearly, defendant is the only beneficiary to whom the trustee may make discretionary payments of principal during his lifetime. As the language of section 2—1403(2) does not require any discretionary payments actually be made to the beneficiary, the fact none were made to defendant does not exempt the Trust from garnishment of principal.

Limiting garnishment to cases where a beneficiary has a right to withdraw principal would nullify the specific language of the statute allowing garnishment of trust principal where a judgment debtor is

the only beneficiary to whom discretionary payments of principal may be made. Statutes are to be construed so that no clause is superfluous or void. *O'Brien v. Rogers*, 198 Ill. App. 3d 341, 347-48, 555 N.E.2d 1005, 1009 (1990). Further, it is not proper for a court to read into a statute exceptions, limitations or conditions that conflict with the expressed intent of the legislature. *In re Marriage of DeRossett*, 173 Ill. 2d 416, 418, 671 N.E.2d 654, 656 (1996); *In re Marriage of Lukas*, 83 Ill. App. 3d 606, 613, 404 N.E.2d 545, 550 (1980); *Beckmire v. Ristokrat Clay Products Co.*, 36 Ill. App. 3d 411, 415, 343 N.E.2d 530, 534 (1976).

Here, the intent of the legislature was to reach assets in spendthrift trusts where the beneficiaries of those trusts are judgment debtors in actions for child support arrearages. It is the public policy of Illinois, as expressed by the intent of the legislature, to ensure child support judgments and judgments for child support arrearages are enforced by all available means. *In re Support of Matt*, 105 Ill. 2d 330, 334-35, 473 N.E.2d 1310, 1312-13 (1985). The supreme court in *Matt* found a right to garnish spendthrift trusts for child support arrearages despite section 2—1403's then-existing prohibition against garnishment of spendthrift trust income. *Matt*, 105 Ill. 2d at 335, 473 N.E.2d at 1313. After the decision in *Matt*, in order to underscore its intent, the legislature amended section 2—1403 of the Civil Practice Law to specifically allow the garnishment of not only the income from spendthrift trusts to collect past-due child support but also the principal (Pub. Act 85—907, art. II, § 1, eff. November 23, 1987 (1987 Ill. Laws 3802, 3831)). See Ill. Rev. Stat. 1987, ch. 110, par. 2—1403 (as amended).

The language of section 2—1403 does not require income or principal actually be paid a sole beneficiary but only that he *be* the sole beneficiary. The amendment to section 2—1403 that now allows a spendthrift trust to be garnished for purposes of collecting child support arrearages only has real meaning if a trust such as the one in this case—providing for discretionary payments to the sole beneficiary with none actually having been made—can be garnished. Because of the strong public policy to collect past-due child support arrearages, we find the trial court did not err in granting summary judgment for plaintiff and against the Trust and entering a garnishment order against the trust for both income and principal.

We acknowledge there is a slight language difference between the subsection of section 2—1403 that deals with income and the subsection that deals with principal. Subsection (1) (735 ILCS 2—1403(1) (West 1996)), dealing with income, is silent as to the discretionary payments on the part of the trustee, while subsection

(2) (735 ILCS 2—1403(2) (West 1996)), dealing with principal, specifically provides principal may be garnished where the beneficiary is the sole beneficiary to whom discretionary payments may be made. Taken together, these subsections may seem ambiguous.

■ The primary rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent of the legislature. In determining the legislative intent, a court should first consider the statutory language. Where the statutory language is clear, it will be given effect without resort to other aids for construction. However, where the language is ambiguous, it is appropriate to examine the legislative history. *People ex rel. Baker v. Cowlin*, 154 Ill. 2d 193, 197, 607 N.E.2d 1251, 1253 (1992). In determining legislative intent, a court may consider the reason and necessity for the law, the evils to be remedied, and the objects to be attained. In addition, a court construing the language of a statute will assume that the legislature did not intend to produce an absurd or unjust result. *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 541, 605 N.E.2d 539, 542 (1992).

■ As we have noted, the evil to be remedied—child support obligations falling on the shoulder of only one parent—and the result to be obtained—the collection of child support payments from parents who have failed to fulfill their obligation of support—is the intent of the legislature in enacting section 2—1403. Interpreting the language of section 2—1403 to allow garnishment of only principal and not income where disbursements of both have been made discretionary by a trust instrument is an absurd reading of the statute, given the legislative intent. Therefore, we reject such an interpretation.

The Trust argues even if the garnishment is proper, the Trust's bank account cannot be directly garnished because only the debtor or the account of a judgment debtor can be garnished under traditional garnishment law. Garnishment does not lie against the debtor of the garnishee. In this instance, however, we are not dealing with a traditional garnishment but one allowed specifically by statute for the purpose of obtaining payment of child support arrearages. Under section 2—1403 a trust's income and principal are subject to garnishment for the purpose of satisfying judgments for child support arrearages. While it may have been better procedure for the trial court to have entered the garnishment against the Trust alone, it will take action by not only the trustee but the Bank to accomplish the garnishment. No error occurred in ordering the direct garnishment of the Trust's bank account as well as the Trust itself to satisfy the judgment against defendant.

■ The Trust next contends it was error for plaintiff to fail to give

notice of the garnishment proceedings to the residuary beneficiaries. Section 12—710 of the Code of Civil Procedure (Code) requires notice be served on all persons who have a claim adverse to that of the judgment debtor to the indebtedness or other property sought to be garnished. 735 ILCS 5/12—710 (West 1996). However, in this case, the residuary beneficiaries do not have a claim adverse to defendant because they have no claim to either the income or principal of the Trust during defendant's lifetime. No error occurred in any failure to give them notice of the garnishment proceedings.

■ The Trust argues the trial court erred in adding interest to the judgment for child support arrearages to the date of the garnishment order and including it in the amount of Trust assets subject to garnishment. Normally, a judgment accrues interest until satisfied in the amount of 9% per annum from its date of entry. 735 ILCS 5/2—1303 (West 1996). However, section 12—707 of the Code provides a garnishee only has a duty to hold the amount due upon the judgment and costs at the time of the service of the garnishment summons. 735 ILCS 5/12—707 (West 1996). This requirement is to ensure a garnishee has the necessary amount available to pay the garnishment after it has been ordered. Allowing interest after the date of the service of garnishment summons would leave a garnishee uncertain as to how much property it must hold to secure payment of the garnishment and would be unworkable. Therefore, we find the trial court erred only to the extent it included in the garnishment order interest on the underlying judgment for child support arrearages after the date of service of the garnishment summons.

■ Finally, the Trust contends it was error for the trial court to enter judgment in favor of plaintiff and against the Trust and not enter it in favor of the judgment debtor, defendant, for the use of his judgment creditor, plaintiff, as provided in section 12—711(c) of the Code. 735 ILCS 5/12—711(c) (West 1996). While it would be better practice to follow the form for garnishment proceedings provided in the Code, we find this issue has been waived because it is a clerical error that could have been brought to the trial court's attention by the Trust but was not.

We affirm the judgment of the trial court in granting summary judgment in favor of plaintiff and against the Trust and the Bank and entering a garnishment order against the Trust and the Bank for both interest and principal of the Trust. However, because the trial court erred in including within the garnished amount interest after the date the garnishment summons was served, the amount equal to the interest accrued on the judgment for child support ar-

**1003**

rearages after service of garnishment summons is excluded from the total amount subject to garnishment.

Affirmed as modified.

GARMAN and GREEN, JJ., concur.