*In re* MARRIAGE OF TODD J. CHAPMAN, Petitioner-Appellee, and FLORENCE ADELE CHAPMAN, n/k/a Florence Mesirow, Respondent-Appellant.

First District (6th Division)   No. 1—97—0062

Opinion filed June 19, 1998.

612

Greenburg & Hermann, of Chicago (Janet L. Hermann, of counsel), for appellant.

Holleb & Coff (Michael A. Reiter and Jay Edelson, of counsel), and Law

Offices of Alan D. Hoffenberg (Alan D. Hoffenberg, of counsel), both of Chicago, for appellee.

JUSTICE QUINN delivered the opinion of the court:

Appellant, now known as Florence Mesirow (Mesirow), appeals from a circuit court order dismissing her petition for rule to show cause and other relief. The petition requested that the circuit court order appellee, Todd Chapman (Chapman), to direct his trustees to pay child support from certain trusts. Chapman is the sole beneficiary of these trusts and has a limited power of appointment under the spendthrift provisions.

For the following reasons, we reverse in part, affirm in part, and remand with directions.

The underlying facts of this case are as follows. Mesirow obtained a judgment for dissolution of marriage on October 12, 1993. The judgment incorporated a marital settlement agreement entered into on that same date.

Under the terms of the settlement agreement, Chapman was to pay $3,200 per month in unallocated maintenance and child support. Chapman's obligation to pay maintenance terminated in the event of Mesirow's remarriage, but Chapman would still be obligated to pay child support in the amount of $2,000 per month. Mesirow remarried in December 1995.

Chapman filed a petition for modification of unallocated maintenance and child support on September 13, 1995, claiming that he suffered a significant reduction in income. Without a court order, Chapman unilaterally reduced his support payments from October 1995 through March 1996, resulting in an arrearage of $9,210.

On April 10, 1996, Mesirow filed a petition for rule to show cause why Chapman should not be held in contempt for the arrearage in child support. In her petition, Mesirow first argued that the condition that maintenance cease upon Mesirow's remarriage should not be enforced because Chapman's reduction in support payments forced Mesirow to advance her wedding date. Second, Mesirow sought judgment and damages for Chapman's arrearage in support payments. Finally, Mesirow requested that the court order Chapman to exercise his limited power of appointment to direct the trustees of Chapman's spendthrift trusts to pay $2,000 per month in future child support.

Chapman moved to dismiss the petition, and the court entered an order granting the motion to dismiss. Mesirow appeals from this order. We address Mesirow's arguments as to the payment of child support arrearages and as to the direction of payment of future child support from the spendthrift trusts.

On appeal, appellant's brief only argues as to the direction of payment from Chapman's trusts.

However, pursuant to our authority under Supreme Court Rule 366 to affirm, reverse, or modify the judgment of the circuit court on any grounds present in the record, we reverse the dismissal of appellant's petition for the payment of past arrearages in child support. 134 Ill. 2d R. 366.

■ Upon review of the record, there is ample support for awarding judgment and damages to appellant for appellee's arrearage in child support payments. Under the statutory scheme of the Illinois Code of Civil Procedure (735 ILCS 5/2—1403 (West 1994)), the Non-Support of Spouse and Children Act (Non-Support Act) (750 ILCS 15/4.1. (West 1994)), the Illinois Marriage and Dissolution of Marriage Act (Marriage and Dissolution Act) (750 ILCS 5/706.1. (West 1994)), and the public policy expressed in the case law, a court may order the withholding of payments from a trust to satisfy a child support judgment.

In the seminal case of *In re Matt*, 105 Ill. 2d 330, 473 N.E.2d 1310 (1985), the Illinois Supreme Court held that income from a spendthrift trust is subject to garnishment to collect past-due child support under the Non-Support Act. The supreme court held that it "is the public policy of Illinois to ensure that support judgments are enforced by *all available means.*" (Emphasis added.) *Matt*, 105 Ill. 2d at 334.

■ Under the Illinois Code of Civil Procedure (Code), income from a spendthrift trust is generally exempt from invasion to satisfy judgments. 735 ILCS 5/2—1403 (West 1994). However, after *Matt*, section 2—1403 of the Code was amended (Pub. Act. 85—907, art. II, § 1, eff. November 23, 1987) to provide for the collection of child support:

> "The income or principal of a trust shall be subject to withholding for the purpose of securing collection of unpaid child support obligations owed by the beneficiary as provided in Section 4.1 of the 'Non-Support of Spouse and Children Act' and similar Sections of other Acts which provide for support of a child as follows:
>
> (1) income may be withheld if the beneficiary is entitled to a specified dollar amount or percentage of the income of the trust, or is the sole income beneficiary ***." 735 ILCS 5/2—1403 (West 1994).

■ The trial court below dismissed appellant's petition based on an inaccurate interpretation of the current law on spendthrift trusts in child support cases. The trial court seemed to focus on the provisions of the trust and the limiting language in *Matt*, which held that only the income from a trust could be garnished and not the principal, and only when the obligor was delinquent. *Matt*, 105 Ill. 2d at 334. Section 2—1403, however, expanded *Matt* and specifically states that

both the income and the principal of a trust can be reached to satisfy a child support judgment. 735 ILCS 5/2—1403 (West 1994). The portion of the holding in *Matt* that has not been overruled, or legislatively amended under section 2—1403, is the portion requiring that the child support payments be delinquent.

Appellee is the beneficiary of five separate trusts, which are included in the record and labeled as Trusts B through F. The language of the trust labeled Trust B, article IV, section 2, as well as in Trust C, gives appellee the right of appointment to direct his trustee to pay money from the trust to assist his descendants, here, the children who are the subject of the child support order. Both trusts state the following:

> "*Limited Powers of Appointment.* The Trustee shall, upon receipt of written direction as herein provided, distribute from the trust estate of a separate trust such amount or amounts as the beneficiary of such trust may appoint to *or for the benefit of all or any one or more of the descendants of said beneficiary* as said beneficiary may designate by an instrument in writing delivered to the Trustee during the lifetime of said beneficiary, and upon the death of said beneficiary, such amount or amounts as said beneficiary may appoint to or for the benefit of all or any one or more of the descendants of said beneficiary as said beneficiary may designate by the valid Will of said beneficiary admitted to probate in any jurisdiction." (Emphasis added.)

Thus, the settlor of the trust clearly contemplated that income or principal of the trust could be used for the benefit of appellee's children.

This language is different from the language of the trust in *Matt*, 105 Ill. 2d 330, 473 N.E.2d 1310. The spendthrift provision in the trust in *Matt* stated the following:

> "Neither principal nor income of the Trust herein established shall be pledged, transferred, sold, anticipated or encumbered by any beneficiary herein named, nor be in any manner liable, while in the possession of the Trustee, for any contract, debt or obligation, nor for any claim voluntarily or involuntarily created either legal or equitable against any beneficiary, including claims for alimony or support of any spouse of such beneficiary." *Matt*, 105 Ill. 2d at 332.

The court erroneously relied on *Matt* in the instant case, where the language of the trust itself does not preclude reaching the income and principal to assist appellee's children. Thus, the court below was in error when it ruled that the trust income or principal could not be reached at all to satisfy a child support judgment.

●4 The next question is whether appellant petitioned for the ap-

propriate remedy in enforcing the judgment. Appellant requested that the court order appellee to direct his trustees to pay the child support from the trusts, instead of requesting a garnishment directly on the trusts.

It appears that section 2—1403 would not preclude a court from ordering a trust beneficiary to direct his trustee to make child support payments. The Code does not specify that garnishment is the only remedy to collect unpaid child support. Section 2—1403 merely states that "[t]he income or principal of a trust shall be subject to withholding." 735 ILCS 5/2—1403 (West 1994).

Also, in the recent case of *In re Marriage of Stevens*, 292 Ill. App. 3d 994, 687 N.E.2d 165 (1997), this court evidenced a willingness to uphold enforcement by various means. In *Stevens*, this court upheld an order directing the garnishment against not only the trust, but also the trust's bank account, in order to satisfy the child support judgment in that case. *Stevens*, 292 Ill. App. 3d at 1001. The trust argued that the only proper remedy was garnishment of the trust, and not of the trust account, because only the debtor or the account of a judgment debtor can be garnished under traditional garnishment law. This court held that garnishment of both the trust and the trust account was proper because an order for payment of child support is not a traditional garnishment but, rather, is one specifically allowed by statute. This court stated the following:

> "[T]he evil to be remedied—child support obligations falling on the shoulder of only one parent—and the result to be obtained—the collection of child support payments from parents who have failed to fulfill their obligation of support—is the intent of the legislature in enacting section 2—1403." *Stevens*, 292 Ill. App. 3d at 1001.

Thus, given the clear public policy of enforcing child support judgments, and the fact that the statute does not preclude enforcement by means other than garnishment, it would not be error for a trial court to order the beneficiary of the trust to direct his trustees to make the child support payments. Whether the court would order garnishment against the trust itself, or order the beneficiary to direct his trustee to make the payments, the underlying public policy of enforcing child support judgments would be served.

Appellee mistakenly argues that the terms of a spendthrift trust itself can be applied to deny the relief appellant seeks, specifically arguing that the purpose of establishing a spendthrift trust is undermined if judgments could be satisfied out of the trust. On the contrary, it is well established that a court may order the payment of child support from a trust, notwithstanding spendthrift provisions.

735 ILCS 5/2—1403 (West 1994); *Matt*, 105 Ill. 2d 330, 473 N.E.2d 1310. This is so because it is precisely the intent of the legislature to reach the money in trusts to satisfy child support judgments, for public policy reasons. *Stevens*, 292 Ill. App. 3d at 1000.

Thus, the income and the principal of appellee's trusts could be reached to satisfy any arrearages in child support payments. The order dismissing appellant's petition is reversed as to her second prayer for damages for child support arrearages. We remand the case as to this portion of the petition, with directions that the trial court allow garnishment of the trustee's accounts for the arrearages.

One of appellee's trusts, however, is not subject to garnishment or an order directing payment because it appears that appellee is not the sole beneficiary. Under the trust agreement establishing a gift trust for Norman Chapman by Joan Chapman, who is the grantor, dated November 21, 1969 (attached to appellant's petition as exhibit D), appellee receives one-fourth of the income. Section 2—1403 of the Code provides that the child support judgment debtor either must be entitled to withdraw principal in specified amounts or be the only beneficiary to whom the trustee may make discretionary payments. 735 ILCS 5/2—1403 (West 1994). Under this particular trust, appellee is neither entitled to withdraw principal, nor is he the sole beneficiary. Thus, appellant would not be able to reach the income or principal in this trust.

■ We next address whether a court can order the payment of *future* child support, and not merely past arrearages, from a trust. Appellant makes a compelling argument that spendthrift trusts should be reached to satisfy future child support payments, in order to avoid the necessity of waiting for delinquencies to occur and then filing multiple suits or a court entering a continuing charging order to collect on the arrearages. However, the relevant statutes expressly limit the invasion of spendthrift trusts to satisfy arrearages of *past* child support payments.

The Non-Support Act, section 4.1, and section 706.1 of the Marriage and Dissolution Act both provide for the withholding of income to secure payment of child support arrearages. 750 ILCS 15/4.1, 5/706.1 (West 1994). Both statutes, which closely parallel each other, define "arrearage" as "the total amount of *unpaid* support obligations." (Emphasis added.) 750 ILCS 15/4.1(A)(2), 5/706.1(A)(2) (West 1994). Also, the portion of the holding in *Matt* that limits the instances in which a spendthrift trust can be garnished to delinquent, past-due payments is still the law in Illinois. *Matt*, 105 Ill. 2d at 334; *Stevens*, 292 Ill. App. 3d at 1000.

Appellant cites to case law in other jurisdictions in support of her

argument. However, it is well settled that the public policies of other states are not persuasive where the public policy of Illinois may be found in this state's constitution, statutes, and judicial decisions. *State Farm Mutual Automobile Insurance Co. v. Collins*, 258 Ill. App. 3d 1, 4, 629 N.E.2d 762 (1994). Cases from other jurisdictions are persuasive only when Illinois courts have not passed upon the particular point in issue. *Addison State Bank v. National Maintenance Management, Inc.*, 174 Ill. App. 3d 857, 860-61, 529 N.E.2d 30 (1988).

Here, the public policy of the State of Illinois is clear. Spendthrift trusts may be reached only to satisfy child support arrearages, and not future child support payments.

Also, the cases cited by appellant, *Shelley v. Shelley*, 223 Or. 328, 354 P.2d 282 (1960), and *O'Connor v. O'Connor*, 3 Ohio Op. 2d 186, 141 N.E.2d 691 (1957), are distinguishable. In *Shelley*, there was no limited power of appointment; rather, there were no conditions on the right of the beneficiary ex-husband to receive income from the trust. *Shelley*, 223 Or. at 334, 354 P.2d at 285. Also, the ex-husband had disappeared and was not available for other methods of enforcement of his child support obligation. *Shelley*, 223 Or. at 333, 354 P.2d at 284. Here, the appellee has not disappeared, and so there is no basis to invade the spendthrift trusts for future child support payments.

In *O'Connor*, the right of the child to the trust property was subject to the condition precedent of the death of the donor's wife, the ex-husband's mother. *O'Connor*, 3 Ohio Op. 2d at 187, 141 N.E.2d at 693. The court continued the cause for further hearing upon the event of the death of the donor's wife, at which time it would receive evidence as to the financial situation of the parties so that it could determine the amount of support. *O'Connor*, 3 Ohio Op. 2d at 193, 141 N.E.2d at 699. Here, on the other hand, there is no condition precedent to invasion of the trust. Appellee merely would have to direct the trustee to make payments out of the trust under the limited power of appointment. In any event, however, there is no authority in Illinois that would support invading a spendthrift trust for the payment of future child support arrearages.

Previous attempts to expand the category of payments that could be paid out of a spendthrift trust have been rejected by this court. For example, in *Miller v. Miller*, 268 Ill. App. 3d 132, 643 N.E.2d 288 (1994), the petitioner ex-wife attempted to expand the class of cases in which a spendthrift trust could be garnished to include maintenance arrearages. In *Miller*, the respondent ex-husband was 18 years delinquent in paying maintenance and child support. *Miller*, 268 Ill. App. 3d at 134-36. This court rejected the petitioner's argument, relying on legislative intent evidenced by the plain language of section 2—1403

of the Code. *Miller*, 268 Ill. App. 3d at 143. This court stated the following:

> "We must conclude that regardless of the broadness of the language in *Matt*, *** the legislature has shown its intent that garnishment of spendthrift trusts be restricted to collection of unpaid child support by the limitation in the language of section 2—1403 of the Code to 'child support,' rather than to 'maintenance and child support,' or simply 'support.' We are not unmindful that perhaps a more just application of section 2—1403 of the Code would be to overlay the *Matt* court's broad policy analysis of section 4.1 of the Non-Support Act so as to enable collection of maintenance arrearages, particularly where, as here, defendant has an 18-year history of avoiding his support obligations. However, such legislative task is not a function of this court; our role is to ascertain and give effect to the intent of the legislature as reflected in the statute." *Miller*, 268 Ill. App. 3d at 143.

Here, similarly, section 2—1403 of the Code by its express language simply does not provide for the garnishment of spendthrift trusts for *future* child support payments. As appellee argues, section 2—1403 reads "unpaid child support obligations," and not "unpaid and future child support obligations." 735 ILCS 5/2—1403 (West 1994). Because this court refused to judicially broaden the language in section 2—1403 in *Miller*, which was a much more egregious instance of nonpayment of maintenance and child support than the instant case, there appears to be little support for broadly interpreting section 2—1403 to include future child support payments. *Matt* did not allow for garnishment to collect future child support, and section 2—1403 does not provide for it. Therefore, we affirm the court's denial of the petition to enter a charging order against the trusts labeled as exhibits B, C, D, and E for future payments.

■ However, one of the trusts at issue, labeled exhibit F (Trust F), is a self-settled trust which could be reached regardless of the determination of the other issues addressed on appeal. Although appellant does not raise this issue in her brief, we raise the issue pursuant to our authority under Supreme Court Rule 366. 134 Ill. 2d R. 366. Under Supreme Court Rule 366(a)(5), we have the authority to:

> "enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, including a remandment, a partial reversal, the order of a partial new trial, the entry of a remittitur, or the enforcement of a judgment, that the case may require." 134 Ill. 2d R. 366(a)(5).

As a reviewing court we have the authority to affirm or reverse the judgment of the circuit court on any ground supported by the record.

134 Ill. 2d R. 366; *Cohn v. Checker Motors Corp.*, 233 Ill. App. 3d 839, 843, 599 N.E.2d 1112 (1992).

■ Trust F is a revocable trust that was established by appellee on November 24, 1982, for his benefit, and could be reached even if a judgment for child support were not involved, because it is a self-settled trust. A self-settled trust is invalid as a spendthrift trust under Illinois law. *In re Simon*, 170 B.R. 999, 1002 (S.D. Ill. 1994). If a settlor creates a spendthrift trust for his or her own benefit, it is void as to existing or future creditors, and they can reach his or her interest under the trust. *In re Morris*, 151 B.R. 900, 906-07 (C.D. Ill. 1993).

Thus, because Trust F was created by appellee for his own benefit, it is invalid as a spendthrift trust. Therefore, the prohibition of section 2—1403 in reaching the interest of spendthrift trusts to satisfy future child support payments does not apply because Trust F is not a spendthrift trust. 735 ILCS 5/2—1403 (West 1994). Appellant is then entitled to reach the trust for the payment of future child support.

The proper remedy in this case is to convert the money in Trust F into a section 503(g) trust for the payment of future child support under the Illinois Marriage and Dissolution of Marriage Act. 750 ILCS 5/503(g) (West 1994). Section 503(g) provides:

"The court if necessary to protect and promote the best interest of the children may set aside a portion of the jointly or separately held estates of the parties in a separate fund or trust for the support *** of any minor *** child of the parties." 750 ILCS 5/503(g) (West 1994).

Relief in this case would be appropriate under section 503(g) where respondent is either unwilling or unable to make child support payments. Such action is also appropriate in this case where, upon review of the record, it appears that Trust F is the sole property of respondent.

Additionally, notions of equity dictate that the money in Trust F be reached. "A party who conveys his property in order to keep it from judgment creditors cannot, through the remedy of a resulting trust, seek assistance from the courts to help him avoid the consequences of his conduct." *American National Bank & Trust Co. v. Vinson*, 273 Ill. App. 3d 541, 543, 653 N.E.2d 13 (1995). Here, respondent should not be entitled to avoid his child support obligation where he himself settled the trust at issue. Rather, it is equitable to reach the money in Trust F under section 503(g) for future child support payments.

Moreover, imposing a section 503(g) trust on Trust F would be in the best interest of the children. Courts have upheld the creation of a section 503(g) trust specifically for this reason. For example, in *In re*

*Marriage of Steffen*, 253 Ill. App. 3d 966, 625 N.E.2d 864 (1993), this court affirmed the creation of such a trust under section 503(g) for the payment of future child support where it was in the best interest of the minor children. In *Steffen*, the petitioner obtained a judgment in garnishment against the respondent for past-due child support, medical expenses, and medical insurance in the amount of $17,178. *Steffen*, 253 Ill. App. 3d at 967. The judgment in garnishment gave the petitioner a lien on the respondent's legacy, which he inherited from an aunt. *Steffen*, 253 Ill. App. 3d at 967. The petitioner then requested that the circuit court set up a trust fund for the benefit of the two minor children for future child support and medical and education expenses. *Steffen*, 253 Ill. App. 3d at 967-68. The circuit court entered an order creating such a trust under section 503(g) of the Illinois Marriage and Dissolution of Marriage Act. *Steffen*, 253 Ill. App. 3d at 968; Ill. Rev. Stat. 1991, ch. 40, par. 503(g) (now 750 ILCS 5/503(g) (West 1992)). On appeal, this court affirmed the creation of the trust because the respondent was either unable or unwilling to make child support payments and was in arrears, and because it was in the best interest of the children. *Steffen*, 253 Ill. App. 3d at 970-71. In so holding, this court stated:

> "[G]rounds for creating a section 503(g) trust arise when a spouse has failed to make court-ordered child support payments. * * *
>
> * * * A need for such protection arises when the obligor spouse is either unwilling or unable to make child support payments." *Steffen*, 253 Ill. App. 3d at 969.

Similarly, the grounds necessary for the creation of a section 503(g) trust are present in the instant case, where Chapman has shown an unwillingness to pay child support. We therefore reverse the circuit court's order as to Trust F. We remand the case with directions that the circuit court order respondent to direct that the principal and income of Trust F be used to satisfy his child support obligation, and to direct the payment of future child support from Trust F.

We reverse the dismissal of appellant's petition for rule to show cause as to the payment of arrearages in child support, and remand with directions to allow garnishment of the trustee's accounts to collect the arrearages. We also affirm the dismissal as to the payment of future child support as to Trusts B, C, D, and E, but reverse the dismissal as to Trust F and remand with directions.

Reversed in part, affirmed in part, and remanded in part with directions.

GREIMAN and ZWICK, JJ., concur.