HARRIS, J.,
concurring specially:
I agree that the law of Florida is that the interest of a beneficiary of a valid spendthrift trust cannot be reached even for claims of the beneficiary’s children (or former wife) except as a last resort. See Bacardi v. White, 463 So.2d 218 (Fla.1985). For that reason I concur, but I question whether this law should apply when, as in this case, the husband/father beneficiary is also the trustee of the trust and where the children whose medical expenses are at issue are also beneficiaries.
The purpose of the spendthrift trust is to protect the beneficiary against his or her own incapacity to properly manage financial affairs by insuring that the beneficiary’s profuse and improvident spending will not waste the estate and leave such beneficiary and his family destitute. The purpose of such trust is defeated if the beneficiary is named or becomes also the trustee and, as such, has total discretion in the management of the estate. Clearly one can quickly waste an estate by profuse and improvident spending whether he or she does so as a beneficiary or as a trustee. There are no spendthrift provisions *899 which control the trustee’s commitment of trust assets. Whatever bauble this beneficiary wants, he can, by his own approval as trustee, acquire. The law should assume that if a father has the ability through his interest in a trust to pay his children’s medical expenses as required by court order and as contemplated by the trust and has the discretion as trustee to do so, that he will, voluntarily or otherwise, pay those expenses.
Recognizing spendthrift protections when the beneficiary is also the trustee puts the rights of other beneficiaries at risk (other beneficiaries may not receive the same attention to their needs as does the beneficiary/trustee) and provides a vehicle by which the unscrupulous can work a fraud against others. In this case, the children were also beneficiaries of the trust. An independent and fair-minded trustee, committed only to the purpose of the trust and not to the self-interest of the trustee/beneficiary, may well have paid the children’s medical expenses when they accrued because such expenses were for the needs of the children as contemplated by the trust.
One possible solution to prevent one obligated for child support from hiding behind a trust for which he is also trustee is for the court to order the father to pay the expenses and to not accept as a defense the argument that the father is unable to pay because he only has spendthrift trust income. Since payment is solely within the father’s discretion, he has the ability to direct that the payment for the children’s medical expenses, authorized by the trust, be made. Another solution, clearly not yet established as the law of Florida but one I urge should be considered, is that the spendthrift protections against payment of alimony and support should not apply when the parent/spouse beneficiary of the trust also is its trustee. This result would be consistent with the Restatement (Second) of Trust § 157(a) (1959)[1] and the public policy behind In re Marriage of Chapman, 297 Ill.App.3d 611, 231 Ill.Dec. 811, 697 N.E.2d 365 (1998). (“Thus, given the clear public policy of enforcing child support judgments, and the fact that the statute does not preclude enforcement by means other than garnishment, it would not be error for a trial court to order the beneficiary of the trust to direct his trustee to make child support payments. Whether the court would order garnishment against the trust itself, or order the beneficiary to direct the trustee to make the payments, the underlying public policy of enforcing child support judgments would be served.”).
I suggest the following certified question as one of great importance:
DOES THE SPENDTHRIFT PROTECTION AGAINST THE CLAIMS FOR SUPPORT AND MAINTENANCE AGAINST A BENEFICIARY OF A SPENDTHRIFT TRUST APPLY WHEN SUCH BENEFICIARY IS ALSO THE TRUSTEE OF THE TRUST?

. See Coverston v. Kellogg, 136 Mich.App. 504, 357 N.W.2d 705 (Mich.App.1984).