*In re* MARRIAGE OF ELINOR CANADY MURPHY, Petitioner-Appellee, and KENNETH L. WRONKE, Respondent-Appellant.

Fourth District    No. 4—02—0433

Opinion filed May 1, 2003.

Kenneth L. Wronke, of Homer, appellant *pro se.*

Robert M. Finch, of Finch Law Office, of Urbana, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In July 2001, petitioner, Elinor Canady Murphy, filed motions (1) to determine child support arrearages and (2) for a turnover-of-assets order against respondent, Kenneth L. Wronke. After an April 2002

hearing, the trial court ordered Kenneth to deliver certificates of deposit (CDs), endorsed to Elinor, to the Champaign County sheriff as payment of the child support arrearage. Kenneth appeals, arguing that the CDs represent veteran's benefits, which are exempt from judgment by Illinois law. We affirm.

## I. BACKGROUND

The record fails to provide a complete history of the parties' dissolution of marriage proceedings. The trial court's docket entries show that Elinor filed her petition for dissolution of marriage in July 1990. In August 1990, Kenneth failed to appear, and the court defaulted him, dissolved the parties' marriage, and granted Elinor certain temporary relief. In March 1991, the court awarded Elinor permanent custody of the parties' minor children.

In July 2001, Elinor filed motions to determine child support arrearages as of that date and for a turnover order. In November 2001, the trial court entered an agreed judgment order that does not appear in the record. The court's December 19, 2001, docket entry reflects the filing of motions to vacate the agreed judgment order and void a settlement agreement by oral stipulation. On December 21, 2001, the court allowed Elinor's request for an *ex parte* order enjoining Kenneth from accessing CDs held in the Sidell State Bank, finding "[Elinor] would be irreparably harmed were [Kenneth] to be permitted access to the funds prior to the date the [c]ourt may rule upon the motion to [v]acate the [a]greed [o]rder." In January 2002, Elinor withdrew her motions to vacate the agreed judgment order and void the settlement agreement.

In March 2002, Elinor renewed her motions to vacate the agreed judgment order and void the settlement agreement by oral stipulation. On April 2, 2002, the trial court held a hearing on all pending matters. The court allowed Elinor's motions and thus vacated the November 2001 agreed judgment order and declared the settlement agreement void. The court then called for a hearing on Elinor's citation to discover assets (see 735 ILCS 5/2—1402(a) (West 2000) ("supplementary proceedings *** to discover assets" "shall be commenced by the service of a citation issued by the clerk")). The court found Kenneth's child support arrearage to be in excess of $51,000 and ordered respondent to deliver all original CDs held in the Sidell State Bank, endorsed for transfer to Elinor, to the Champaign County sheriff by April 5, 2002. In so ordering, the court found that "these [CDs] came by way of payment from [Kenneth's] military retirement."

According to Kenneth's brief, the CDs in question were purchased with a Treasury check from the United States Defense Department

finance office. Kenneth alleges that he is retired from the United States Army and applied for monthly retirement benefits in March 1993 but, because of an administrative error, did not receive payments between March 1993 and March 2000. In April 2000, Kenneth received a lump-sum payment of $44,000 for the past-due amount. Kenneth placed $40,000 in the Sidell State Bank in the form of four CDs.

Kenneth filed a timely motion to reconsider the trial court's April 2, 2002, order but nonetheless complied with it and delivered the CDs, properly endorsed, to the Champaign County sheriff. In June 2002, the court denied Kenneth's motion to reconsider. This *pro se* appeal followed.

## II. ANALYSIS

### A. Section 2—1402 of the Code of Civil Procedure

■ Kenneth first argues that under section 2—1402 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1402 (West 2000)), his "veteran's benefits" are exempt from judicial process. We disagree.

Kenneth's reliance on section 2—1402 of the Code for his position that the funds are exempt from judicial process is misplaced. Section 2—1402(b) of the Code merely sets forth the procedure to be followed in supplementary proceedings by a judgment creditor to discover assets that can be used to satisfy a judgment and provides the form for the citation notice (735 ILCS 5/2—1402(b) (West 2000)). It does not confer any substantive rights or exemptions on the judgment debtor. See 735 ILCS 5/2—1402(j) (West 2000) ("[t]his [s]ection does not grant the power to any court to order installment or other payment from *** any property exempt by statute from the enforcement of a judgment thereon").

### B. Exceptions to Income Exemptions

■ Kenneth also argues that retirement benefits are exempt from judicial process. Section 12—1006 of the Code provides, in pertinent part, as follows:

"(a) A debtor's interest in *** payments under a retirement plan is exempt from judgment ***.

(b) 'Retirement plan' includes the following: ***

(2) a government *** retirement plan or contract[.]" 735 ILCS 5/12—1006(a), (b)(2) (West 2000).

Elinor responds that the trial court's order was proper based on the statutory exception to income exemptions for the collection of child support (750 ILCS 28/15(d) (West 2000)). We agree.

The exception to income exemptions from judgment appears in section 15(d) of the Income Withholding for Support Act (Act), which provides as follows:

"(d) 'Income' means any form of periodic payment to an individual, regardless of source, including \*\*\* pension[ ] and retirement benefits \*\*\*:

\* \* \*

Any other [s]tate or local laws which limit or exempt income or the amount or percentage of income that can be withheld shall not apply." 750 ILCS 28/15(d) (West 2000).

The language of section 15(d) of the Act was originally codified in section 706.1 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 706.1(A)(4)). *In re Marriage of Logston*, 103 Ill. 2d 266, 284, 469 N.E.2d 167, 174-75 (1984). In *Logston*, while not directly utilizing section 706.1 to allow an action for the collection of child support arrearages against retirement benefits, the Supreme Court of Illinois stated "[t]he new scheme [(to enforce maintenance and support awards)] would subject to withholding orders [respondent's] income from his General Motors pension." *Logston*, 103 Ill. 2d at 284, 469 N.E.2d at 175. There, the court allowed a contempt order to be enforced, finding it would be "anomalous to construe the personal property exemption statute as protecting [respondent] from a contempt order, when his arrearage can now be collected from the very income on which he bases his exemption argument." *Logston*, 103 Ill. 2d at 284, 469 N.E.2d at 175. The court stated explicitly that it was not deciding the issue of "[w]hether execution on that judgment [(for maintenance arrearage)] may be had against exempt personal property." *Logston*, 103 Ill. 2d at 285, 469 N.E.2d at 175.

Later, interpreting this language as recodified in section 4.1 of the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1983, ch. 40, par. 1107.1), the Supreme Court of Illinois held as follows: "We read this provision to indicate the General Assembly's intention that section 4.1 prevail over all laws to the contrary \*\*\*." *In re Support of Matt*, 105 Ill. 2d 330, 334, 473 N.E.2d 1310, 1312 (1985). In *Matt*, the court allowed the income from a testamentary trust to be subject to a claim for the respondent's child support arrearages. *Matt*, 105 Ill. 2d at 332, 473 N.E.2d at 1311. The court found that "[i]n enacting section 4.1 \*\*\* the General Assembly established that it is the public policy of Illinois to ensure that support judgments are enforced by all available means." *Matt*, 105 Ill. 2d at 334, 473 N.E.2d at 1312.

■ Based on this line of supreme court cases, we hold that Kenneth's retirement benefits are subject to judicial process for the satisfaction of child support arrearages. Accordingly, the trial court did not err when it determined that Kenneth's CDs were not exempt from access for child support arrearages. That the court did not state explicitly that it was applying this exception to the income exemption

is irrelevant because we can affirm the trial court's judgment on any basis supported by the record (*People v. Speed*, 315 Ill. App. 3d 511, 517, 731 N.E.2d 1276, 1281 (2000)), and "[o]rders of the circuit court need not include *** conclusions of law" (*Stony Island Church of Christ v. Stephens*, 54 Ill. App. 3d 662, 668, 369 N.E.2d 1313, 1318 (1977)).

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT and COOK, JJ., concur.