PEOPLES BANK, as Special Adm'r of the Estate of Abigail Tanner, Deceased, *et al.*, Plaintiffs-Appellants, v. BROMENN HEALTHCARE HOSPITALS *et al.*, Defendants-Appellees, (Kay Toohill *et al.*, Appellees and Respondents-in-Discovery; Richard W. Wellman *et al.*, Respondents-in-Discovery).

Fourth District    No. 4—08—0384

Opinion filed March 13, 2009.

James P. Ginzkey, of Bloomington, for appellants.

Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria, for appellees Jeffrey Galvan and Carle Clinic Association, P.C.

Charles C. Hughes and Amy M. Kiel, both of Hughes, Hill & Tenney, LLC, of Decatur, for appellees Thomas Bernhardt and McLean County Anesthesiology, Ltd.

William P. Hardy, of Hinshaw & Culbertson LLP, of Springfield, and Paul C. Estes and Patricia J. Naylor, both of Hinshaw & Culbertson LLP, of Peoria, for appellees Kay Toohill and Bloomington Pediatrics & Allergy, Ltd.

JUSTICE STEIGMANN delivered the opinion of the court:

In September 2005, plaintiffs, Peoples Bank, as special administra-

tor of the estate of Abigail Tanner, and Andrea Tanner, filed an amended complaint, suing defendants, BroMenn Healthcare Hospitals, Jeffery Galvan, and Carle Clinic Association, P.C., alleging medical malpractice, based on (1) complications Andrea suffered after undergoing a June 2003 cesarean-section surgery and (2) the wrongful death of her daughter, Abigail. Plaintiffs' amended complaint also designated, in part, Richard W. Wellman, M.D., and Nord & Wellman Obstetrics & Gynecology, as respondents-in-discovery under section 2—402 of the Code of Civil Procedure (735 ILCS 5/2—402 (West 2006)).

In January 2008, plaintiffs filed an addendum to their amended complaint, designating, in part, appellees Kay Toohill; Bloomington Pediatrics & Allergy, Ltd.; Thomas Bernhardt; and McLean County Anesthesiology, Ltd., as respondents-in-discovery under section 2—402 of the Code (735 ILCS 5/2—402 (West 2006)).

In February 2008, appellees filed separate motions to terminate their respondents-in-discovery status. Following a May 2008 hearing, the trial court granted appellees' respective motions.

Plaintiffs appeal, arguing that the trial court erred by granting appellees' respective motions to terminate their respondents-in-discovery status because the eight-year statute of repose under section 13—212(b) of the Code (735 ILCS 5/13—212(b) (West 2006)) applied. We disagree and affirm.

## I. BACKGROUND

The following facts were gleaned from the parties' pleadings and supporting documents filed with the trial court.

On June 20, 2003, Andrea, who was approximately seven months pregnant, was admitted to BroMenn Regional Medical Center complaining of discomfort. A subsequent medical examination revealed (1) fetal movement and (2) no indication of vaginal bleeding or discharge. Approximately one hour after Andrea's admittance, a nurse, responding to Andrea's page, discovered her standing in a pool of her own blood at her bedside. Two hours later, Galvan delivered Abigail by cesarean-section surgery. Immediately thereafter, Galvan performed a hysterectomy operation on Andrea. The following morning, Abigail died.

In May 2005, plaintiffs filed a complaint against defendants, which they amended in September 2005. Plaintiffs' amended complaint alleged separate causes of action against each defendant. Specifically, Andrea asserted that as a direct and proximate result of defendants' negligence, she "endured great pain and suffering and lost her uterus and ability to bear children." In addition, Peoples Bank asserted various claims of negligence against defendants for Abigail's wrongful

death under (1) section 1 of the Wrongful Death Act (740 ILCS 180/1 (West 2006)) and (2) section 27—6 of the Probate Act of 1975 (755 ILCS 5/27—6 (West 2006)).

In January 2008, plaintiffs filed an addendum to their amended complaint, designating, in part, Kay Toohill; Bloomington Pediatrics & Allergy, Ltd.; Thomas Bernhardt; and McLean County Anesthesiology, Ltd., as respondents-in-discovery under section 2—402 of the Code (735 ILCS 5/2—402 (West 2006)).

In February 2008, (1) Kay Toohill and Bloomington Pediatrics & Allergy, Ltd., and (2) Thomas Bernhardt and McLean County Anesthesiology, Ltd., filed separate motions to terminate their respondents-in-discovery status. In their respective motions, appellees argued that because the (1) two-year statute of limitations for filing a medical malpractice action and (2) four-year statute of repose under section 13—212(a) of the Code (735 ILCS 5/13—212(a) (West 2006)) had expired, plaintiffs could not designate them as respondents-in-discovery. Following a May 2008 hearing, the trial court entered a written order (1) granting their respective motions and (2) finding no just reason for delaying either (a) enforcement or appeal or (b) both pursuant to Supreme Court Rule 304 (210 Ill. 2d R. 304).

This appeal followed.

## II. PLAINTIFFS' CLAIM THAT THE TRIAL COURT ERRED

The sole issue plaintiffs present on appeal—and presented at the trial level—is that because the eight-year statute of repose under section 13—212(b) of the Code (735 ILCS 5/13—212(b) (West 2006)) applied, they could have designated appellees as respondents-in-discovery. Thus, plaintiffs argue that the trial court erred by granting appellees' respective motions to terminate their respondents-in-discovery status. Specifically, plaintiffs contend that had Abigail not died from her injuries, she would have had an eight-year period of repose under which to file her medical malpractice claim against appellees pursuant to section 13—212(b) of the Code (735 ILCS 5/13—212(b) (West 2006)). Thus, plaintiffs assert that because (1) Abigail's claim survives her death and may be brought by Peoples Bank and (2) Peoples Bank may bring the claim within the eight-year period of repose, they are entitled to designate appellees as respondents-in-discovery. We disagree.

### A. The Statutes and Standard of Review

Section 13—212 of the Code provides, in pertinent part, as follows:

"(a) Except as provided in [s]ection 13—215 ***, no action for damages for injury or death against any physician, *** registered nurse[,] or hospital *** arising out of patient care shall be brought more than [two] years after the date on which the claimant knew,

or \*\*\* should have known, \*\*\* of the existence of the injury or death for which damages are sought \*\*\* but in no event shall such action be brought more than [four] years after the date on which occurred the act or omission \*\*\* alleged in such action \*\*\*.

(b) Except as provided in [s]ection 13—215 \*\*\*, no action for damages for injury or death against any physician, \*\*\* registered nurse[,] or hospital \*\*\* arising out of patient care shall be brought more than [eight] years after the date on which occurred the act or omission \*\*\* alleged \*\*\* to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause \*\*\* be brought after the person's 22nd birthday." 735 ILCS 5/13—212(a), (b) (West 2006).

Section 2—402 of the Code provides as follows:

"Respondents[-]in[-]discovery. The plaintiff in any civil action may designate as respondents[-]in[-]discovery \*\*\* those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

\* \* \*

A person or entity named as a respondent[-]in[-]discovery in any civil action may be made a defendant in the same action at any time within [six] months after being named as a respondent[-]in[-] discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such [six-]month period." 735 ILCS 5/2—402 (West 2006).

The interpretation of a statute is a question of law, which we review *de novo. People v. Lucas*, 231 Ill. 2d 169, 173-74, 897 N.E.2d 778, 781 (2008). "It is well settled that the primary objective of this court when construing the meaning of a statute is to ascertain and give effect to the intent of the General Assembly." *Southern Illinoisan v. Illinois Department of Public Health*, 218 Ill. 2d 390, 415, 844 N.E.2d 1, 14 (2006). The General Assembly's intent "is best gleaned from the words of the statute itself, and where the statutory language is clear and unambiguous, it must be given effect." *Orlak v. Loyola University Health System*, 228 Ill. 2d 1, 8, 885 N.E.2d 999, 1004 (2007).

## B. Plaintiffs' Claim That the Eight-Year Statute of Repose Applied

Our review of the plain language of the statute reveals that section 13—212(b) of the Code applies only to cases where "the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years." 735 ILCS 5/13—212(b) (West 2006); see *O'Brien v. O'Donoghue*, 292 Ill. App. 3d 699, 704, 686 N.E.2d 688,

691 (1997) (reversing the trial court's decision that the eight-year statute of repose under section 13—212(b) did not apply to a medical-malpractice suit filed on behalf of the minor children for their father's death).

In this case, plaintiffs preface their argument that the eight-year statute of repose under section 13—212(b) of the Code applied with the phrase, "had [Abigail] not died from her injuries." We agree with plaintiffs that had Abigail survived, a medical-malpractice suit brought on her behalf would have been subject to the eight-year period of repose under section 13—212(b) of the Code. Indeed, appellees concede plaintiffs' contention in this regard. Unfortunately, Abigail did not survive. Thus, the person entitled to bring the medical malpractice action was not Abigail, but instead, the administrator of Abigail's estate—namely, Peoples Bank—whose claim was subject to the statutes of limitations and repose under section 13—212(a) of the Code. See *Will v. Northwestern University*, 378 Ill. App. 3d 280, 290, 881 N.E.2d 481, 493 (2007) (wrongful death and survival actions do not create an individual right in a beneficiary to bring suit but, rather, accrue to administrator who possesses sole right of action).

In *Orlak*, our supreme court (1) defined the different events that trigger the enactment of the (a) two-year statute of limitations and (b) four-year statute of repose under section 13—212(a) of the Code (735 ILCS 5/13—212(a) (West 2006)), and (2) noted the effect both have on a plaintiff's medical-malpractice claim as follows:

> "[The] statute contains both a two-year period of limitations and a four-year period of repose. The two-year limitations period is triggered by the plaintiff's discovery of the injury; in contrast, the four-year repose period is triggered by the occurrence of the act or omission that caused the injury. The only exception to the four-year statute of repose is the fraudulent-concealment exception contained in section 13—215 of the Code (735 ILCS 5/13—215 (West 2002)). The statute of repose sometimes bars actions even before the plaintiff has discovered the injury. While this may result in harsh consequences, the legislature enacted the statute of repose for the specific purpose of curtailing the 'long tail' exposure to medical[-]malpractice claims brought about by the advent of the discovery rule." *Orlak*, 228 Ill. 2d at 7-8, 885 N.E.2d at 1003.

Section 2—402 also provides that (1) as long as a person or entity is named as a respondent-in-discovery within the statute of limitations period and (2) depending at what point in the statute-of-limitations period plaintiff filed the complaint designating the person or entity as a respondent-in-discovery, a plaintiff may have an additional six months past the statute-of-limitations period to file a motion convert-

ing the respondent-in-discovery into a defendant. *Robinson v. Johnson*, 346 Ill. App. 3d 895, 902, 809 N.E.2d 123, 129 (2003).

Here, the four-year statute of repose (and likely the two-year statute of limitations) was triggered by Abigail's death on June 21, 2003. Thus, the additional six-month period afforded Peoples Bank by section 2—402 of the Code notwithstanding, it had until June 21, 2005, pursuant to the statute of limitations, to designate additional respondents-in-discovery, which it then could have converted into defendants. Even if the statute of limitations had not been triggered by Abigail's death (a contention about which we are skeptical), Peoples Bank would have been barred from bringing any medical malpractice action after June 21, 2007. Because Peoples Bank did not file the addendum to the amended complaint seeking to designate appellees as respondents-in-discovery until January 2008, the trial court did not err by granting appellees' respective motions to terminate their respondents-in-discovery status.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT and POPE, JJ., concur.