NO. 4-09-0197     Filed 12/8/09

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES EX REL. ELIZABETH A. BLACK, | ) ) ) | Appeal from Circuit Court of Livingston County |
|      Petitioner-Appellees, | ) | No. 07F53 |
|      v. | ) | |
| FRANK H. BARTHOLOMEW, | ) | Honorable |
|      Respondent-Appellant. | ) ) | Jennifer H. Bauknecht, Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

The trial court of Livingston County ordered $9,216.77 of respondent Frank H. Bartholomew's workers' compensation settlement be applied toward child-support arrearage and interest due the Illinois Department of Health and Family Services (Department) under an administrative support order. Frank appeals from the order, arguing workers' compensation benefits are exempt from judgment by Illinois law, including those for child-support arrearages. We affirm.

I. BACKGROUND

In March 2005, Elizabeth and Frank, who were not married, had a son, Nicholas. Frank signed a voluntary acknowledgment of paternity and "accepted the obligation to provide child support" for Nicholas. On February 6, 2007, the Department issued an administrative support order pursuant to its authority under article X of the Illinois Public Aid Code (Code) (305 ILCS 5/10-1 through 10-28 (West 2006)) requiring Frank to pay child support of $428.52 per month. On August 23, 2007, the Department

issued an income-withholding notice to Frank's employer ordering it to withhold $428.52 per month for current child support, as well as $85.70 per month toward a delinquency of $6,602.34.

On October 23, 2007, Elizabeth filed a petition to establish the existence of a father-child relationship and for other relief. With her petition, Elizabeth provided a copy of the voluntary acknowledgment of paternity, the administrative support order, and the income-withholding notice and alleged Frank had filed a workers' compensation claim and was awaiting settlement. She asked the trial court to adjudicate Frank the father of Nicholas, order him to pay child support, prohibit him from dissipating any workers' compensation settlement, and grant her 20% of any such settlement as current child support.

On January 3, 2008, the trial court held a hearing on Elizabeth's petition. Frank failed to appear. On January 7, 2008, the court entered an order finding Frank the father of Nicholas, ordered him to pay child support pursuant to the administrative order, ordered Frank not to dissipate any of his workers' compensation settlement without court order, and deter- mined Elizabeth should receive 20% of the net settlement in addition to the child-support arrearage already owed her, which amounted to $6,602.34 as of August 23, 2007.

On January 28, 2008, Frank filed a motion to vacate the part of the trial court's order requiring payment of past-due support from his settlement, arguing such payment was barred by section 21 of the Illinois Workers' Compensation Act (Act) (820

- 2 -

ILCS 305/21 (West 2008)), which prohibited workers' compensation awards from "be[ing] held liable in any way for any lien, debt, penalty[,] or damages."  On April 1, 2008, the court entered an amended order requiring Frank to place his settlement funds in trust until further order of the court determining the amount to be paid Elizabeth.  The order further stated Elizabeth was entitled to 20% of the net settlement because the settlement constituted income to Frank but no amount was to be held for payment of the arrearage.

Meanwhile, on February 8, 2008, the Department filed a complaint to enforce its administrative order, alleging as of November 30, 2007, Frank owed $8,316.42 in past-due support and asked the trial court to order him to obey the terms of the administrative support order.  On August 15, 2008, the court consolidated the enforcement complaint with Elizabeth's petition and entered an order requiring Frank to obey the administrative support order.

Thereafter, Frank received a workers' compensation settlement of $175,000.  On October 3, 2008, the trial court entered an agreed order distributing the settlement to Frank's counsel, Global Injury Funding, Elizabeth, and Frank.  Elizabeth received $20,473.51, which represented 20% of the net proceeds.  Frank received $72,677.27.  The sum of $9,216.77, representing the contested child-support arrearage plus interest, was held in trust pending further order of the court.  The agreed order provided the distribution resolved any lien or claim by Elizabeth

and the Department against the settlement "except as to the pending claim related to the $9,216.77" being held in trust. The order further stated it did not affect Frank's further obligation to pay child support pursuant to any support order.

On October 21, 2008, Frank moved the trial court to distribute the remaining $9,216.77 to him, arguing again section 21 of the Act prohibited application of the settlement proceeds toward past-due child support. On December 9, 2008, the Department filed a petition for adjudication of indirect civil contempt, alleging Frank had failed to comply with the court's August 15 order to obey the administrative support order and he was in arrears $8,692.29 as of November 30, 2008, plus interest. That same day, the court entered an order to show cause.

On December 15, 2008, the Department filed a memorandum responding to Frank's motion for distribution. The Department argued, notwithstanding the provisions of section 21 of the Act (820 ILCS 305/21 (West 2008)), Illinois law and public policy allowed the court to apply proceeds from a workers' compensation settlement toward a child-support arrearage. Frank filed a response, arguing the plain language of section 21 prohibited such use of settlement funds.

On January 9, 2009, following a hearing that was not transcribed, the trial court entered a docket order finding a child-support arrearage "of $8,692.29 in principal and interest due and owing and further order[ing] that the funds being withheld in the amt [sic] of $9,216.77 shall be applied toward the

- 4 -

arrears and interest."

On January 20, 2009, the Department filed a motion to modify the order because the arrearage finding was incomplete. On February 27, 2009, the trial court entered a modified order stating Frank was in arrears in child support in the amount of $8,692.29 plus accrued interest of $1,325.47 as of November 30, 2008, and the funds previously ordered to be held in trust in the amount of $9,216.77 shall be applied toward the child-support arrearage and interest due under the administrative support order. Frank appeals from the court's orders.

## II. ANALYSIS

Frank makes no objection to the use of his workers' compensation settlement to pay current child support. He argues, however, a request for payment of an arrearage pursuant to a child-support lien for payment of a past-due support obligation is a debt that is barred from collection from his compensation settlement. Frank argues workers' compensation benefits are exempt from judicial process for child-support arrearages. Section 21 of the Act provides, in pertinent part, as follows:

> "No payment, claim, award[,] or decision under this Act shall be assignable or subject to any lien, attachment[,] or garnishment, or be held liable in any way for any lien, debt, penalty[,] or damages." 820 ILCS 305/21 (West 2008).

Frank relies on In re Marriage of Brand, 123 Ill. App.

3d 1047, 1051, 463 N.E.2d 1037, 1040 (1984), where this court held the provisions of section 21 of the Act did not prevent workers' compensation benefits from being available for the current expenses of the worker's family and this included court-ordered child-support payments. The court also said in dicta, however, whether the compensation benefits were liable for a "debt" is a closer question and a substantial argument could be made they were if the benefits were being ordered to pay past-due support arrearages. Brand, 123 Ill. App. 3d at 1051, 463 N.E.2d at 1040.

The Department responds the trial court's order was proper based on the statutory exception to income exemptions for the collection of child support (750 ILCS 28/15(d) (West 2008)). We agree.

Interpretation of a statute is a question of law requiring de novo review. Peoples Bank v. Bromenn Healthcare Hospitals, 388 Ill. App. 3d 1097, 1100, 905 N.E.2d 339, 342 (2009). "'[T]he primary objective of this court when construing the meaning of a statute is to ascertain and give effect to the intent of the General Assembly.'" Peoples Bank, 388 Ill. App. 3d at 1100, 905 N.E.2d at 342, quoting Southern Illinoisan v. Illinois Department of Public Health, 218 Ill. 2d 390, 415, 844 N.E.2d 1, 14 (2006). When "a statute is susceptible of two interpretations, it becomes proper to examine sources other than its language for evidence of legislative intent." In re Marriage of Logston, 103 Ill. 2d 266, 279, 469 N.E.2d 167, 172 (1984).

The court may also examine other legislation on the same topic as well as statutes addressing related subjects. Logston, 103 Ill. 2d at 283, 469 N.E.2d at 174.

The exception to income exemptions from judgment appears in section 15(d) of the Income Withholding for Support Act (Withholding Act) (750 ILCS 28/15(d) (West 2008)), which provides as follows:

"(d) 'Income' means any form of periodic payment to an individual, regardless of source, including *** workers' compensation ***[.]

* * *

Any other [s]tate or local laws which limit or exempt income or the amount or percentage of income that can be withheld shall not apply."

Notwithstanding section 21 of the Act, which exempts workers' compensation awards from liability for debts, section 15(d) of the Withholding Act creates an exception to that exemption for the collection of child support, including arrearages.

The Withholding Act was enacted in 1999 to "consolidate[] into a single new Act the lengthy and nearly identical provisions relating to income withholding for support that were formerly contained in" the Code (305 ILCS 5/10-16.2 (West 2008)), the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/706.1 (West 2008)), the Non-Support of Spouse and Children Act

(750 ILCS 15/4.1 repealed; now see 750 ILCS 16/22 (West 2008)) and the Illinois Parentage Act of 1984 (750 ILCS 45/20 (West 2008)). 750 ILCS 28/5 (West 2008). Section 20(c)(3) of the Withholding Act provides for the withholding of "income" for payment of child support including "the amount of any arrearage" from any payor of income to a child-support obligor. 750 ILCS 28/20(c)(3) (West 2008).

The language of section 15(d) of the Withholding Act is clear and straightforward. Any other state or local law purporting to exempt statutorily defined income, which includes workers' compensation benefits, does not apply to proceedings involving the collection of child support.

Frank's reliance on the dicta of Brand is misplaced. While the court there noted a "substantial argument" could be made orders to pay child-support arrearages could amount to a "debt" for which section 21 of the Act made workers' compensation benefits exempt from liability, the argument is not a winning one. The Brand court's comments, made in 1984, are interesting, but if the legislature wanted to exempt workers' compensation payments from collection of child-support arrearages, it could have done so when it enacted the Withholding Act in 1999. Instead, the language of section 15(d) of the Withholding Act is clear: any other state or local laws purporting to grant such an exemption are overridden by the provisions of section 15(d).

Other cases decided since Brand, some dealing with the precursors to section 15(d) (see In re Support of Matt, 105 Ill.

- 8 -

2d 330, 473 N.E.2d 1310 (1985); Logston, 103 Ill. 2d 266, 469 N.E.2d 167) and some dealing with section 15(d) itself (see In re Marriage of Murphy, 338 Ill. App. 3d 1095, 792 N.E.2d 12 (2003)), have found both maintenance and child support, including arrearages, may be withheld from statutorily defined income even when another statute exists "exempting" that particular income. As noted by the court in Matt, "the General Assembly established that it is the public policy of Illinois to ensure that support judgments are enforced by all available means." Matt, 105 Ill. 2d at 334, 473 N.E.2d at 1312.

Applying Frank's workers' compensation settlement funds to his past-due child support also serves the intent of the Act. The Illinois workers' compensation scheme was enacted "to furnish a measure of financial protection to the workman and his dependents for injuries received by him which arose out of and in the course of his employment." Baker & Conrad, Inc. v. Chicago Heights Construction Co., 364 Ill. 386, 393, 4 N.E.2d 953, 957 (1936). Sections 7 and 8 of the Act recognize a worker's dependents are intended beneficiaries. Section 7 provides for compensation to go directly to a worker's dependents in the event of a fatal injury (820 ILCS 305/7 (West 2008)), and section 8(b) provides a worker's compensation for nonfatal injuries is increased if he has a spouse and/or child (820 ILCS 305/8(b)(1), (b)(2), (b)(2.1) (West 2008)).

Because dependents are intended beneficiaries of workers' compensation awards, the public policy furthered by the

exemption in section 21 of the Act is to protect workers and their dependents from the claims of outside creditors, not to shield workers from their own internal family obligations. As the supreme court explained in Logston, the purpose of income exemptions in general is to ensure creditors cannot deprive debtors of the means of supporting themselves and their dependents. Logston, 103 Ill. 2d at 279-80, 469 N.E.2d at 172-73.

Illinois law and public policy allow a trial court to apply proceeds from a workers' compensation settlement toward a child-support arrearage. Accordingly, the trial court did not err when it ordered Frank's child-support arrearage plus interest be paid from his workers' compensation settlement. As noted in Murphy, even though the court's docket entry did not state it was applying the exception of section 15(d) of the Withholding Act to the income exemption of section 21 of the Act claimed by Frank, we can affirm the court's judgment on any basis supported by the record. Murphy, 338 Ill. App. 3d at 1098-99, 792 N.E.2d at 15.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

TURNER and POPE, JJ., concur.